# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. BUCKLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1728 CDP |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of David Buckler (registration no. 1008292), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.50. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.50, and an average monthly balance of $0.87. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Named as defendants are: Steve Larkins (Warden); Larry Short (Functional Unit Manager); John Doe (correctional caseworker); Unknown Lieutenant (correctional officer); Travis Ezersky (correctional officer); and Patricia Cornell (Director, Missouri Department of Corrections). Defendants are sued in their official and individual capacities.

Plaintiff claims that he was transferred to the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") on June 26, 2008. Plaintiff says that on arrival he filled out the proper forms to request protective custody; the form, attached as an exhibit to the complaint, reads, "Because of enemies in the general population I am requesting protective custody for the present time." Plaintiff alleges that he also complained to the staff that he had unknown enemies. Plaintiff alleges, and his

exhibits appear to affirm, that Steve Larkins approved plaintiff's request for protective custody on June 27, 2008.

A classification hearing was held on June 26, 2008, the record of which is attached as an exhibit to the complaint. The notes from the classification hearing indicate that plaintiff had three unwaived enemies at ERDCC. The notes further indicate that plaintiff had 26 current sanctions from conduct violations within the six months preceding his arrival at ERDCC. As a result of plaintiff's sanctions and conduct violations, the classification hearing staff, which included Larry Short, John Doe, and Unknown Lieutenant, recommended that plaintiff be assigned to administrative segregation. The reasons for the recommendation were that plaintiff was to be serving disciplinary segregation until February 14, 2010, and also that he had enemies at ERDCC. The recommendations were approved on June 27, 2008.

Plaintiff claims that he was then assigned to a two-man cell in administrative segregation. Plaintiff alleges that he told Larry Short, "that's not a good idea because I don't know who my enemies' friends are." Plaintiff says that Short responded, "I don't care. The inmate you're going in with is not on your enemy list." Plaintiff avers that the inmate he was placed in administrative segregation with was in disciplinary segregation for fighting and assaulting other inmates.

Plaintiff alleges that on June 29, 2008, his cellmate pulled him off the top bunk and slammed him to the floor. Plaintiff claims that his cellmate then beat him by kicking and punching him until he lost consciousness. Plaintiff avers that at least three times his cellmate forced him to perform oral sex under threat of further assault. Plaintiff says that after he met his cellmate's demands his cellmate punched him in the nose causing it to bleed.

Plaintiff alleges that after he was beaten and sexually assaulted that Travis Ezersky looked into plaintiff's cell and saw him lying on the floor. Plaintiff maintains that Ezersky then shook his head and walked away, allowing his cellmate to continue assaulting him. Plaintiff states that when his cellmate was done beating him that his cellmate made him press the emergency button.

Plaintiff says that he regained consciousness outside of his cell and that several nurses were present. Plaintiff was then taken to the medical unit. Plaintiff claims that he told Ezersky what his cellmate made him do and that he asked Ezersky, "why didn't you help me when I was lying on the floor in the cell when you done wing check?" Plaintiff alleges that Ezersky replied, "I'm really sorry about that I got busy and I forgot."

Plaintiff says he was transferred to an outside hospital to have his injuries evaluated. Plaintiff claims that he was then returned to ERDCC and spent three to five days in the ICU due to head injuries and trauma.

Plaintiff claims that Patricia Cornell unreasonably denied his grievance when she determined that he had not requested protective custody and was not on protective custody status when the assault occurred.

**Discussion**

The complaint survives initial review as to defendant Travis Ezersky. As a result, the Court will order Ezersky to respond to the complaint.

"To prevail in a suit under 42 U.S.C. § 1983, an inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate 'must show something more than mere inadvertence or negligence. He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates.'" Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (quoting Miller v. Solem, 728 F.2d 1020, 1025 (8th Cir. 1984)); see Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (deliberate indifference limited to intentional, knowing, or recklessness in the criminal law context which requires

actual knowledge of a serious risk). "To establish 'reckless disregard' by prison officials, an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." Andrews, 929 F.2d at 1330. Showing "pervasive risk of harm" "requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures. In every case, a 'pervasive risk' is *something more than a single incident* and something less than a riot." Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992) (emphasis added). The allegations in the complaint do not support a finding that defendants Steve Larkins, Larry Short, John Doe, or Unknown Lieutenant knew of, but were deliberately indifferent to, a substantial risk of harm to plaintiff's safety by placing him in administrative segregation. Plaintiff's cellmate was not a known enemy of plaintiff's, and plaintiff did not inform prison staff prior to the assault that there was a problem between him and his cellmate. As a result, the Court will dismiss the complaint as to these defendants.

Additionally, "[o]nly persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609

(7th Cir. 2007) (citations omitted).  As a result, the complaint is frivolous as to Patricia Cornell.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Travis Ezersky.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Travis Ezersky (Correctional Officer, ERDCC) shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Steve Larkins, Larry Short, John Doe, Unknown Lieutenant, or Patricia Cornell because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of November, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE